**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3929
_____

C.G.; R.G., o/b/o C.B.G.,

Appellants

v.

WINSLOW TOWNSHIP BOARD OF EDUCATION

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.:  1-13-cv-06278)
District Judge:  Honorable Robert B. Kugler

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on July 14, 2017

Before:  GREENAWAY, JR., SHWARTZ, AND RENDELL, Circuit Judges

(Opinion filed: July 19, 2017)

_____

O P I N I O N*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

**RENDELL**, <u>Circuit Judge</u>:

On appeal, the plaintiffs, C.G. and R.G., on behalf of their child C.B.G. (collectively, the "Plaintiffs"), challenge (1) the District Court's order barring their attorney, Jamie Epstein, Esq., from personally videotaping depositions during the course of a fee dispute and (2) the District Court's order reducing their fee award from the requested $160,731 to $47,212.50. The fee dispute arose out of the settlement of an action seeking an individualized education plan and an accommodation plan pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* (the "IDEA"), and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* (the "Rehabilitation Act"). Plaintiffs and the Winslow Township Board of Education (the "Board") settled the dispute, and the settlement agreement awarded attorney's fees to Plaintiffs as provided for in the IDEA. Because we agree with the District Court's decision and reasoning on both issues, we will affirm.[1]

## I. Deposition Recording

Plaintiffs' counsel notified the Board of his intention to depose the Board's District Administrators during the course of the fee dispute. The notices indicated that the depositions would be transcribed and "recorded by video," but did not state that Plaintiffs' counsel intended to record the depositions himself on his laptop. (A. 28.) When the parties convened for the scheduled depositions, the Board objected to

---

[1] The District Court had jurisdiction pursuant to 20 U.S.C. § 1415(i)(3)(A) and 28 U.S.C. §§ 1331 and 1343(a)(3). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We write primarily for the parties and only recount the relevant background.

2

Plaintiffs' counsel's attempt to videotape the depositions himself instead of using the services of an official court videographer. There was no objection to the videotaping in general or to any other feature of the depositions.

The Magistrate Judge ruled that Plaintiffs' counsel could not personally videotape the deposition. The District Court did not disturb that ruling primarily because of a textual analysis of the Federal Rules of Civil Procedure. The District Court noted the Magistrate Judge's reasoning that while Plaintiffs' counsel had complied with Rule 30(b)(3)(A)–(B), which permits the videotaping of a deposition with proper notice to the deponent, Rule 30(b)(5)(A)–(B) precluded him from doing so himself. In particular, an oral deposition must be conducted by an "officer," Fed. R. Civ. P. 30(b)(5), and Plaintiffs' attorney did not qualify as an "officer," which is defined as either a "person appointed by the court" or a person "designated by the parties under Rule 29(a)." Fed. R. Civ. P. 28(a)(2). The District Court also noted the broad deference afforded to a magistrate judge's discovery ruling under a clear error or contrary to law standard of review.[2] We review the District Court's ruling to determine whether it is clearly erroneous or contrary to law. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

On appeal, Plaintiffs urge that the Board was "properly and repeatedly noticed and re-noticed for the video deposition and failed at anytime to object to the video recording until arriving at the deposition." (Appellants' Br. 7.) This statement of course does not reconcile the notices' complete failure to mention anything about Plaintiffs' attorney's

---

[2] Reviewing various cases from other circuits, the District Court correctly noted that this Court has not previously ruled on this procedural issue.

3

plan to record the deposition himself.[3]  We agree with the District Court's reasoning and we will affirm its order.

## II.  Attorney's Fees

In an IDEA proceeding, a prevailing plaintiff may recover reasonable attorney's fees and costs related to the litigation.  20 U.S.C. § 1415(i)(3)(B)(i)(I).  A prevailing plaintiff may also recover reasonable fees and costs under the Rehabilitation Act.  29 U.S.C. § 794a(b).  The District Court must determine whether a fee is "reasonable," *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and there is a "strong presumption" that the lodestar formula—which multiplies the number of hours reasonably expended by a reasonable hourly rate—yields a "reasonable" fee, *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).  At the District Court, the parties agreed that $425/hour is a reasonable hourly rate for Plaintiffs' attorney's services, but the Board disputed the reasonableness of the proffered number of hours expended.  The District Court ultimately reduced the fee from the requested $160,731 to $47,212.50, and Plaintiffs challenge that reduction on appeal.

We review the reasonableness of a fee award for abuse of discretion.  *Washington v. Phila. Cty. Ct. Com. Pl.*, 89 F.3d 1031, 1034 (3d Cir. 1996).  The District Court's finding of facts are subject to clear error review, *id.* at 1039, and whether the District

---

[3] Plaintiffs also refer us to their District Court brief in which they challenged the Magistrate Judge's order.  This reference is improper, and Plaintiffs have waived any arguments they seek to incorporate in that manner.  *See Tunis Bros. Co. v. Ford Motor Co.*, 952 F.2d 715, 741 (3d Cir. 1991) (declining to address issues where, "[i]nstead of providing argument with respect to their issues, the plaintiffs merely referred to their pre- and post-trial briefs").

Court applied the correct standards and procedures is a question of law subject to plenary review, *Rode v. Dellarciprete*, 892 F.2d 1177, 1182 (3d Cir. 1990).

The soundness of the fee award is abundantly clear from the District Court's thorough discussion of the disputed hours,[4] as is its reasoning for reducing the lodestar by 50% based on the shock-the-conscience inquiry.[5] We will therefore affirm the fee award of $47,212.50.

### III. Conclusion

For the foregoing reasons, we will affirm (1) the District Court's order barring Plaintiffs' attorney from personally videotaping depositions during the course of the fee dispute and (2) the District Court's order reducing Plaintiffs' fee award from the requested $160,731 to $47,212.50.

---

[4] The District Court specifically highlighted such red flags as the disparity between Plaintiffs' counsel's vast expertise and the lengthy amount of time billed for routine matters; inadequate documentation of emails, including unrealistic lengths of time allotted for reading message read receipts; drafting routine petitions without relying on time-saving templates; neglecting to bill at lower paralegal rates where appropriate; and billing for hours expended on an unsuccessful recusal motion.

[5] The District Court's 50% lodestar reduction was based on Plaintiffs' attorney's "excessive billing" in this case, including for entries he had previously withdrawn, and "the carelessness (at best) with which [he] drafted his fee request." (A. 22.) Cast against Plaintiffs' attorney's well-documented "history of egregious conduct in fee requests in the District of New Jersey" and "of grossly overstating his fees," the "inappropriate reaching for fees" in this case "shock[ed] the conscience" of the District Court. (A. 21–22.)